Hon. James L. Robart

Jason M. Ayres, WSBA #39141
Tara J. Schleicher, WSBA #26884
**FOSTER GARVEY PC**
1111 Third Avenue, Suite 3000
Seattle, WA  98101
Telephone: (503) 228-3939
Jason.Ayres@foster.com
Tara.Schleicher@foster.com

Keith Ketterling (*pro hac vice*)
Lydia Anderson-Dana (*pro hac vice*)
Madeleine Holmes (*pro hac vice*)
Erin E. Roycroft (*pro hac vice*)
Anuj Shah (*pro hac vice*)
**STOLL STOLL BERNE LOKTING &
SHLACHTER, P.C.**
209 SW Oak Street, Suite 500
Portland, OR 97204
Telephone: (503) 227-1600
Facsimile: (503) 227-6840
kketterling@stollberne.com
landersondana@stollberne.com
mholmes@stollberne.com
eroycroft@stollberne.com
ashah@stollberne.com

*Counsel for Defendant Columbia Bank*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

Lance Miller and Seth Freeman as
Co-Trustees of the iCap Trust,

Plaintiffs,

v.

Columbia Bank f/k/a Umpqua Bank,

Defendant.

Case No. 2:25-cv-01870-JLR

**REPLY IN SUPPORT OF
DEFENDANT'S MOTION TO STRIKE**

NOTED ON MOTION CALENDAR:
August 4, 2026

DEFENDANT'S REPLY IN SUPPORT     1
OF MOTION TO STRIKE
2:25-cv-01870-JLR

## I.   INTRODUCTION

The Trustees' opposition to the Motion to Strike filed by Columbia Bank ("Columbia") makes clear the incoherent nature of their position on the bankruptcy court's Ponzi findings ("Ponzi findings").  In the Trustees' view, the bankruptcy court's Ponzi findings bolster their claims against Columbia, yet somehow have no binding, preclusive, or prejudicial effect on Columbia.  From the beginning of the litigation, the Trustees have misunderstood the nature of the Ponzi findings, thus compelling Columbia to raise the issue for this Court's consideration in its Motion to Dismiss, its Motion for Reconsideration, and now its Motion to Strike.

Columbia's position is simple: Given the stipulated nature of the Ponzi findings and the bankruptcy court's explicit limitation on their use, they have no place in this distinct litigation.

## II.   ARGUMENT

As a preliminary matter, Columbia does not move to strike allegations citing the Ponzi findings to get "a second bite at the apple," as the Trustees contend.  In a joint notice that the Trustees filed along with their Amended Complaint, the Trustees acknowledged that Columbia consented to the filing of the Amended Complaint with the express caveat that this Court would still rule on its Motion for Reconsideration.  *Joint Notice* at 2, Jul. 1, 2026, ECF No. 34.  That Motion for Reconsideration raised Columbia's contention with the Trustees' use of the Ponzi findings.  *Motion for Reconsideration* at 2-4, Jun. 23, 2026, ECF No. 32.  After the Trustees filed their Amended Complaint, this Court denied Columbia's Motion for Reconsideration as moot, on the basis that the Amended Complaint superseded the original complaint and rendered any pending motions nonexistent.  *Order* at 1, Jul. 2, 2026, ECF No. 36.  Considering the Court's reasoning, Columbia moves to strike portions of the Amended Complaint as originally argued in its Motion for Reconsideration.

Regarding the substance of their opposition, the Trustees' position is logically unsound.  The Trustees both acknowledge that the bankruptcy court's Confirmation Order prevents the Ponzi findings from having any preclusive or binding effect against Columbia,[1] while also asserting that the Ponzi

---

[1] During oral argument in *Miller v. Perkins Coie LLP*, Adv. Case No. 25-80084-WLH (E.D. Wash. June 18, 2026), Dkt. No. 35, on Perkins Coie's motion to dismiss aiding and abetting claims brought by the Liquidating Trustees, Judge Holt

DEFENDANT'S REPLY IN SUPPORT          2
OF MOTION TO STRIKE
2:25-cv-01870-JLR

findings make their other allegations of iCap's fraud more plausible. *Trustees' Opposition* at 4-5, July 15, 2026, ECF No. 39.[2] The Trustees must choose a lane. If the Ponzi findings make the Trustees' allegations of iCap's fraud more plausible, then they are being used for preclusive, binding, and prejudicial effect against Columbia in violation of the bankruptcy court's Confirmation Order. But if the Ponzi findings have no such effect, then the Trustees must accept them for what they are: legally irrelevant and immaterial statements. The latter represents Columbia's position. Given that the Ponzi findings have not been tested through rigorous litigation, they do not make the existence of a Ponzi scheme any more plausible. This makes the Ponzi findings immaterial and, in turn, susceptible to a motion to strike.

Finally, on the question of prejudice, the Trustees again take a position rife with logical inconsistencies. The Trustees argue that the inclusion of the Ponzi findings in the Complaint is not prejudicial while expressly noting the Court's reliance on the findings in concluding that Plaintiffs "plausibly alleged" iCap's alleged fraud. Moreover, the threat of later prejudice to Columbia is not theoretical. While juries typically do not receive complaints as evidence, it is entirely plausible that the Trustees could use the Amended Complaint as an illustration of their claims in an opening statement to a jury. Under those circumstances, the inclusion of the Ponzi findings would invariably prejudice Columbia.

## III.    CONCLUSION

For the reasons stated in Columbia's Motion to Strike and in this reply, Columbia requests that the Court grant Columbia's Motion. Specifically, Columbia asks this Court to strike paragraphs 88 and 89 of the Amended Complaint, which cite the Ponzi findings from the bankruptcy court's Confirmation Order.

---

acknowledged that Columbia had excluded itself from the preclusive effect of the Ponzi finding. In addressing whether the bankruptcy court had subject matter jurisdiction over the Liquidating Trustees' claims, Judge Holt noted that the Trustees could argue that "Perkins was served with notice of the plan. Perkins had an opportunity to object to the Ponzi findings *or exclude itself from the preclusive effect* [of the Ponzi findings] *like Umpqua did*." Oral Argument at 2:00:46 (emphasis added).

[2] It is no wonder that the Trustees oppose striking the Ponzi findings from their pleadings – they are the only allegations that this Court cited in concluding that the Trustees plausibly alleged iCap's fraud. *Order* at 22, Jun. 9, 2026, ECF No. 29.

DEFENDANT'S REPLY IN SUPPORT                3
OF MOTION TO STRIKE
2:25-cv-01870-JLR

**LCR 7(e)(6) CERTIFICATION**

I certify that this memorandum contains 779 words, in compliance with the Local Civil Rules.

Dated: July 17, 2026

Respectfully Submitted,

FOSTER GARVEY PC

By: *s/ Jason M. Ayres*
**Jason M. Ayres**, WSBA #39141
Email: Jason.Ayres@foster.com
**Tara J. Schleicher**, WSBA #26884
Email: Tara.Schleicher@foster.com
1111 Third Avenue, Suite 3000
Seattle, WA 98101
Telephone: (503) 228-3939

*Attorneys for Columbia Bank f/k/a Umpqua Bank*

STOLL STOLL BERNE LOKTING &
SHLACHTER, P.C.

By: *s/ Keith Ketterling*
**Keith Ketterling** (*pro hac vice*)
kketterling@stollberne.com
**Lydia Anderson-Dana** (*pro hac vice*)
landersondana@stollberne.com
**Madeleine Holmes** (*pro hac vice*)
mholmes@stollberne.com
**Erin E. Roycroft** (*pro hac vice*)
eroycroft@stollberne.com
**Anuj Shah** (*pro hac vice*)
ashah@stollberne.com
209 SW Oak Street, Suite 500
Portland, OR 97204
Telephone: (503) 227-1600
Facsimile: (503) 227-6840

*Attorneys for Defendant Columbia Bank*

DEFENDANT'S REPLY IN SUPPORT     4
OF MOTION TO STRIKE
2:25-cv-01870-JLR