Hon. James L. Robart

Jason M. Ayres, WSBA #39141
Tara J. Schleicher, WSBA #26884
**FOSTER GARVEY PC**
1111 Third Avenue, Suite 3000
Seattle, WA 98101
Telephone: (503) 228-3939
Jason.Ayres@foster.com
Tara.Schleicher@foster.com

Keith Ketterling (*pro hac vice*)
Lydia Anderson-Dana (*pro hac vice*)
Madeleine Holmes (*pro hac vice*)
Erin E. Roycroft (*pro hac vice*)
Anuj Shah (*pro hac vice*)
**STOLL STOLL BERNE LOKTING & SHLACHTER, P.C.**
209 SW Oak Street, Suite 500
Portland, OR 97204
Telephone: (503) 227-1600
Facsimile: (503) 227-6840
kketterling@stollberne.com
landersondana@stollberne.com
mholmes@stollberne.com
eroycroft@stollberne.com
ashah@stollberne.com

*Counsel for Defendant Columbia Bank*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| Lance Miller and Seth Freeman as Co-Trustees of the iCap Trust,<br><br>Plaintiffs,<br><br>v.<br><br>Columbia Bank f/k/a Umpqua Bank,<br><br>Defendant. | Case No. 2:25-cv-01870-JLR<br><br>DEFENDANT'S ANSWER<br><br>JURY DEMAND |

Defendant Columbia Bank ("Columbia") hereby answers the Complaint filed by Plaintiffs Lance Miller and Seth Freeman as Co-Trustees of the iCap Trust ("Plaintiffs").

Columbia provides this Answer based on a reasonable inquiry and its knowledge to date. Investigations into the matters that are the subject of this Complaint are ongoing. Accordingly, Columbia reserves the right to amend, supplement, revise, clarify, or correct the responses set forth below after those investigations have concluded.[1]

## PRELIMINARY STATEMENT

1. Answering paragraph 1, Columbia admits that Tim Hoefel and Brian Read were Columbia employees. As to the remaining allegations, paragraph 1 purports to quote an email which speaks for itself, such that no answer is required. Further, paragraph 1 contains characterizations and argument, and it makes no factual allegations as to Columbia, such that no answer is required. However, to the extent that the remaining allegations in paragraph 1 require a response, Columbia lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies them.

2. Answering paragraph 2, Columbia admits that Svetla Tzekov was a Columbia employee. As to the remaining allegations, paragraph 2 purports to characterize an email which speaks for itself, such that no answer is required. Further, paragraph 2 contains characterizations, conclusions of law, and argument, such that no answer is required. However, to the extent that any remaining allegations in paragraph 2 require a response, Columbia lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies them.

3. Paragraph 3 purports to characterize emails between Svetla Tzekov and Chris Christensen which speak for themselves, such that no answer is required. As to the remaining allegations, paragraph 3 contains characterizations, conclusions of law, and argument, such that no answer is required. However, to the extent that the allegations in paragraph 3 require a response,

[1] For the avoidance of doubt, Columbia denies any allegation not otherwise expressly admitted herein. Further, Columbia is not required to respond to the headings, sub-headings, appendices or footnotes of the Complaint, but to the extent any response is required, unless otherwise expressly stated herein, Columbia denies any such allegations.

Columbia lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies them.

4. Answering paragraph 4, Umpqua admits only that iCap made at least one physical cash deposit. As to the remaining allegations, paragraph 4 purports to characterize an email from Svetla Tzekov which speaks for itself, such that no answer is required. Paragraph 4 further contains characterizations, conclusions of law, and argument, such that no answer is required. However, to the extent that the allegations in paragraph 4 require a response, Columbia lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies them.

5. Paragraph 5 purports to quote an email from Svetla Tzekov which speaks for itself, such that no answer is required. As to the remaining allegations, paragraph 5 contains characterizations, conclusions of law, and argument, such that no answer is required. However, to the extent that the allegations in paragraph 5 require a response, Columbia denies the allegations.

6. Answering paragraph 6, Columbia admits that it has been a party to litigation unrelated to the current litigation. As to the remaining allegations, Paragraph 6 purports to characterize media reports which speak for themselves, such that no answer is required. Paragraph 6 further contains characterizations, conclusions of law, and argument, such that no answer is required. However, to the extent that the allegations in paragraph 6 require a response, Columbia denies the allegations.

7. Answering paragraph 7, Columbia admits that iCap maintained bank accounts with Columbia. As to the remaining allegations, Columbia denies that it assisted with the Christensen's alleged fraud. Additionally, paragraph 7 contains characterizations, conclusions of law, and argument, such that no answer is required. However, to the extent that the allegations in paragraph 7 require a response, Columbia denies the allegations.

8. Paragraph 8 contains characterizations, conclusions of law, and argument, and contains no factual allegations against Columbia, such that no answer is required. However, to the extent that the allegations in paragraph 8 require a response, Columbia lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies them.

9. Answering paragraph 9, Columbia denies that it knew iCap was allegedly a Ponzi scheme. As to the remaining allegations, paragraph 9 contains characterizations, conclusions of law,

and argument, such that no answer is required. However, to the extent that the remaining allegations in paragraph 9 require a response, Columbia lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies them.

10. Answering paragraph 10, Columbia denies that it assisted with the Christensen's alleged fraud. As to the remaining allegations, paragraph 10 contains characterizations, conclusions of law, and argument, and purports to quote from a document from Columbia that speaks for itself, such that no answer is required. However, to the extent that any of the remaining allegations in paragraph 10 require a response, Columbia lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies them.

11. Answering paragraph 11, Columbia admits that Patty Brennwald was a Columbia employee. As to the remaining allegations, paragraph 11 purports to quote emails which speak for themselves, and further contains characterizations and argument, such that no answer is required. However, to the extent that any of the remaining allegations in paragraph 11 require a response, Columbia lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies them.

12. Answering paragraph 12, Columbia denies that it affirmatively assisted the Christensens' alleged fraud. As to the remaining allegations, paragraph 12 contains characterizations, conclusions of law, and argument, such that no answer is required. However, to the extent that any of the remaining allegations in paragraph 12 require a response, Columbia lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies them.

13. Answering paragraph 13, Columbia denies that it provided assistance or "substantial assistance" to the Christensens. As to the remaining allegations, paragraph 13 contains characterizations, conclusions of law, and argument, such that no answer is required. However, to the extent that any of the remaining allegations in paragraph 13 require a response, Columbia lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies them.

14. Paragraph 14 contains characterizations, conclusions of law, and argument, such that no answer is required. However, to the extent that any allegations in paragraph 14 require a response,

Columbia denies them. Moreover, Columbia denies that Plaintiffs or their assignors have suffered any damages due to the actions or inactions of Columbia.

15. Answering paragraph 15, Columbia admits that Plaintiffs may be authorized to seek recovery for some claims on behalf of certain iCap investors who assigned their claims to Plaintiffs in accordance with the terms of the iCap bankruptcy plan as to third parties and not solely Columbia. As to the remaining allegations, paragraph 15 contains characterizations, conclusions of law, and argument, such that no answer is required. However, to the extent that any of the remaining allegations in paragraph 15 require a response, Columbia denies them.

**THE PARTIES**

16. Answering paragraph 16, Columbia admits that Lance Miller and Seth Freeman, solely in their capacities as Co-Trustees of the iCap Trust, are the Plaintiffs in the current litigation.

17. Paragraph 17 contains characterizations, conclusions of law, and argument, and it contains no factual allegations against Columbia, such that no answer is required. However, to the extent that any of the remaining allegations in paragraph 17 require a response, Columbia lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies them.

18. Answering paragraph 18, Columbia admits that it is a wholly owned subsidiary of Columbia Banking System, Inc. Columbia admits that Columbia Banking System, Inc. is a citizen of Washington but denies that Columbia is a citizen of Washington.

**JURISDICTION AND VENUE**

19. Answering paragraph 19, this paragraph asserts a legal conclusion to which no response is required. To the extent a response is required, Columbia does not challenge the subject matter jurisdiction of this Court, but otherwise denies the allegations in paragraph 19 and specifically denies liability to Plaintiffs for any amount of damages.

20. Answering paragraph 20, this paragraph asserts a legal conclusion to which no response is required. To the extent a response is required, Columbia does not challenge that this Court is an appropriate venue for the current litigation but otherwise denies the allegations in paragraph 20.

# FACTUAL BACKGROUND

## A. History of the iCap Entities

21. Paragraph 21 makes no factual allegations against Columbia, such that no response is required. However, to the extent a response is required, Columbia lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, denies them.

22. Paragraph 22 contains characterizations, conclusions of law, and argument, and it makes no factual allegations against Columbia, such that no response is required. However, to the extent that any allegations in paragraph 22 require a response, Columbia lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, denies them.

23. Paragraph 23 makes no factual allegations against Columbia, such that no response is required. However, to the extent a response is required, Columbia lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, denies them.

24. Paragraph 24 makes no factual allegations against Columbia, such that no response is required. However, to the extent a response is required, Columbia lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, denies them.

25. Paragraph 25 contains characterizations and argument, and it makes no factual allegations against Columbia, such that no response is required. However, to the extent a response is required, Columbia lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, denies them.

## B. The Christensens Controlled the iCap Entities

26. Paragraph 26 contains characterizations and argument, and it makes no factual allegations against Columbia, such that no response is required. However, to the extent that any allegations in paragraph 26 require a response, Columbia lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, denies them.

27. Paragraph 27 contains characterizations and argument, purports to quote from unidentified sources or documents, and it makes no factual allegations against Columbia, such that no response is required. However, to the extent that any allegations in paragraph 27 require a response, Columbia lacks sufficient knowledge or information to form a belief as to the truth of the allegations

and on that basis, denies them.

28. Paragraph 28 contains characterizations, conclusions of law, and argument, and it makes no factual allegations against Columbia, such that no response is required. However, to the extent that any allegations in paragraph 28 require a response, Columbia lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, denies them.

**C. <u>The iCap Entities' Operations Bore All the Hallmarks of a Ponzi Scheme</u>**

29. Paragraph 29 contains characterizations, conclusions of law, and argument, and it makes no factual allegations against Columbia, such that no response is required. However, to the extent that any allegations in paragraph 29 require a response, Columbia lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, denies them.

30. Paragraph 30 contains characterizations and argument, and it makes no factual allegations against Columbia, such that no response is required. However, to the extent that any allegations in paragraph 30 require a response, Columbia lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, denies them.

31. Paragraph 31 contains characterizations, conclusions of law, and argument, and it makes no factual allegations against Columbia, such that no response is required. However, to the extent that any allegations in paragraph 31 require a response, Columbia lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, denies them.

32. Paragraph 32 contains characterizations, conclusions of law, and argument, purports to quote unidentified sources and or documents, and it makes no factual allegations against Columbia, such that no response is required. However, to the extent that any allegations in paragraph 32 require a response, Columbia lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, denies them.

33. Paragraph 33 contains characterizations, conclusions of law, and argument, and it makes no factual allegations against Columbia, such that no response is required. However, to the extent that any allegations in paragraph 33 require a response, Columbia lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, denies them.

**i. <u>The Vast Majority of the iCap Entities' Deposits Came From Investors and Intercompany Transfers, Not Business Operations</u>**

34. Answering paragraph 34, Columbia admits that iCap maintained bank accounts with Columbia. As to the remaining allegations, paragraph 34 contains characterizations and argument, such that no response is required. However, to the extent that any of the remaining allegations in paragraph 34 require a response, Columbia lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, denies them.

35. Paragraph 35 makes no factual allegations against Columbia, such that no response is required. However, to the extent that a response is required, Columbia lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, denies them.

36. Answering paragraph 36, Columbia lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 36 and on that basis, denies them.

37. Paragraph 37 contains characterizations, conclusions of law, and argument, and it makes no factual allegations against Columbia, such that no response is required. However, to the extent that any allegations in paragraph 37 require a response, Columbia lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, denies them.

**ii. <u>The Vast Majority of Withdrawals Were to Pay Investors and Make Intercompany Transfers, Not to Fund Investments</u>**

38. Paragraph 38 contains characterizations and argument, and it makes no factual allegations against Columbia, such that no response is required. However, to the extent that any allegations in paragraph 38 require a response, Columbia lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, denies them.

39. Paragraph 39 contains characterizations and argument, and it makes no factual allegations against Columbia, such that no response is required. However, to the extent that any allegations in paragraph 39 require a response, Columbia lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, denies them.

40. Paragraph 40 contains characterizations, conclusions of law, and argument, and it makes no factual allegations against Columbia, such that no response is required. However, to the extent that any allegations in paragraph 40 require a response, Columbia lacks sufficient knowledge or information

to form a belief as to the truth of the allegations and on that basis, denies them.

**iii. <u>The iCap Entities' Real Estate Business Operations Produced Little Earnings</u>**

41. Paragraph 41 contains characterizations, conclusions of law, and argument, and it makes no factual allegations against Columbia, such that no response is required. However, to the extent that any allegations in paragraph 41 require a response, Columbia lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, denies them.

42. Paragraph 42 contains characterizations, and it makes no factual allegations against Columbia, such that no response is required. However, to the extent that any allegations in paragraph 42 require a response, Columbia lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, denies them.

**iv. <u>The iCap Entities Were Unable to Generate Sufficient Revenue to Meet Their Obligations to Investors</u>**

43. Paragraph 43 contains characterizations, conclusions of law, and argument, and it makes no factual allegations against Columbia, such that no response is required. However, to the extent that any allegations in paragraph 43 require a response, Columbia lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, denies them.

44. Paragraph 44 contains characterizations and argument, purports to quote from unidentified sources or documents, and it makes no factual allegations against Columbia, such that no response is required. However, to the extent that any allegations in paragraph 44 require a response, Columbia lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, denies them.

45. Paragraph 45 contains characterizations and argument, purports to quote from unidentified sources or documents, and it makes no factual allegations against Columbia, such that no response is required. However, to the extent that any allegations in paragraph 45 require a response, Columbia lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, denies them.

46. Paragraph 46 contains characterizations, conclusions of law, and argument, and it makes no factual allegations against Columbia, such that no response is required. However, to the extent that

any allegations in paragraph 46 require a response, Columbia lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, denies them.

**v. <u>Intercompany Transfers and Commingling of Funds</u>**

47. Paragraph 47 contains characterizations and argument, and it makes no factual allegations against Columbia, such that no response is required. However, to the extent that any allegations in paragraph 47 require a response, Columbia lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, denies them.

48. Paragraph 48 contains characterizations, conclusions of law, and argument, and it makes no factual allegations against Columbia, such that no response is required. However, to the extent that any allegations in paragraph 48 require a response, Columbia lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, denies them.

49. Paragraph 49 contains characterizations and argument, and makes no factual allegations against Columbia, such that no response is required. However, to the extent that any allegations in paragraph 49 require a response, Columbia lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, denies them.

50. Paragraph 50 makes no factual allegations against Columbia, such that no response is required. However, to the extent that any allegations in paragraph 50 require a response, Columbia lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, denies them.

51. Paragraph 51 makes no factual allegations against Columbia, such that no response is required. However, to the extent that any allegations in paragraph 51 require a response, Columbia lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, denies them.

52. Paragraph 52 contains characterizations and argument, purports to characterize unidentified sources and documents, and it makes no factual allegations against Columbia, such that no response is required. However, to the extent that any allegations in paragraph 52 require a response, Columbia lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, denies them.

53. Paragraph 53 purports to quote from unidentified sources and documents, and it makes no factual allegations against Columbia, such that no response is required. However, to the extent that any allegations in paragraph 53 require a response, Columbia lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, denies them.

54. Paragraph 54 purports to characterize unidentified sources or documents, and makes no factual allegations against Columbia, such that no response is required. However, to the extent that any allegations in paragraph 54 require a response, Columbia lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, denies them.

55. Paragraph 55 makes no factual allegations against Columbia, such that no response is required. However, to the extent that any allegations in paragraph 55 require a response, Columbia lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, denies them.

56. Paragraph 56 purports to characterize an unidentified source or documents, and it makes no factual allegations against Columbia, such that no response is required. However, to the extent that any allegations in paragraph 56 require a response, Columbia lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, denies them.

57. Paragraph 57 contains characterizations, conclusions of law, and argument, such that no response is required. However, to the extent that any allegations in paragraph 57 require a response, Columbia lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, denies them.

**vi. <u>Unrealistic Returns Were Required for iCap to Make Its Promised Payments to Investors</u>**

58. Paragraph 58 contains characterizations and argument, and it makes no factual allegations against Columbia, such that no response is required. However, to the extent that any allegations in paragraph 58 require a response, Columbia lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, denies them.

59. Paragraph 59 contains characterizations and argument, and it makes no factual allegations against Columbia, such that no response is required. However, to the extent that any

allegations in paragraph 59 require a response, Columbia lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, denies them.

60. Paragraph 60 makes no factual allegations against Columbia, such that no response is required. However, to the extent that any allegations in paragraph 60 require a response, Columbia lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, denies them.

61. Paragraph 61 makes no factual allegations against Columbia such that no response is required. However, to the extent that any allegations in paragraph 61 require a response, Columbia lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, denies them.

62. Paragraph 62 makes no factual allegations against Columbia such that no response is required. However, to the extent that any allegations in paragraph 62 require a response, Columbia lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, denies them.

63. Paragraph 63 contains characterizations and argument, and it makes no factual allegations against Columbia, such that no response is required. However, to the extent that any allegations in paragraph 63 require a response, Columbia lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, denies them.

64. Paragraph 64 contains characterizations and argument, and it makes no factual allegations against Columbia, such that no response is required. However, to the extent that any allegations in paragraph 64 require a response, Columbia lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, denies them.

65. Paragraph 65 purports to quote from unidentified sources or documents, contains characterizations and argument, and it makes no factual allegations against Columbia, such that no response is required. However, to the extent that any allegations in paragraph 65 require a response, Columbia lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, denies them.

66. Paragraph 66 purports to quote from unidentified sources or documents, contains

characterizations and argument, and it makes no factual allegations against Columbia, such that no response is required. However, to the extent that any allegations in paragraph 66 require a response, Columbia lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, denies them.

67. Paragraph 67 contains characterizations, conclusions of law, and argument, and it makes no factual allegations against Columbia, such that no response is required. However, to the extent that any allegations in paragraph 67 require a response, Columbia lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, denies them.

68. Paragraph 68 makes no factual allegations against Columbia such that no response is required. However, to the extent that any allegations in paragraph 68 require a response, Columbia lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, denies them.

69. Paragraph 69 contains characterizations and argument, and it makes no factual allegations against Columbia, such that no response is required. However, to the extent that any allegations in paragraph 69 require a response, Columbia lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, denies them.

70. Paragraph 70 makes no factual allegations against Columbia such that no response is required. However, to the extent that any allegations in paragraph 70 require a response, Columbia lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, denies them.

71. Paragraph 71 makes no factual allegations against Columbia such that no response is required. However, to the extent that any allegations in paragraph 71 require a response, Columbia lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, denies them.

72. Paragraph 72 makes no factual allegations against Columbia such that no response is required. However, to the extent that any allegations in paragraph 72 require a response, Columbia lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, denies them.

73. Paragraph 73 makes no factual allegations against Columbia such that no response is required. However, to the extent that any allegations in paragraph 73 require a response, Columbia lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, denies them.

74. Paragraph 74 contains characterizations and argument, and it makes no factual allegations against Columbia, such that no response is required. However, to the extent that any allegations in paragraph 74 require a response, Columbia lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, denies them.

75. Paragraph 75 contains characterizations, conclusions of law, and argument, purports to quote from unidentified sources and documents, and it makes no factual allegations against Columbia, such that no response is required. However, to the extent that any allegations in paragraph 75 require a response, Columbia lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, denies them.

**vii. <u>Other Hallmarks of the iCap Entities' Ponzi Scheme</u>**

**a. <u>iCap Failed to Invest Investors' Funds in Promised Investments</u>**

76. Paragraph 76 contains characterizations, conclusions of law, and argument, and it makes no factual allegations against Columbia, such that no response is required. However, to the extent that any allegations in paragraph 76 require a response, Columbia lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, denies them.

77. Paragraph 77 contains characterizations, conclusions of law, and argument, and it makes no factual allegations against Columbia, such that no response is required. However, to the extent that any allegations in paragraph 77 require a response, Columbia lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, denies them.

78. Paragraph 78 makes no factual allegations against Columbia, such that no response is required. However, to the extent that any allegations in paragraph 78 require a response, Columbia lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, denies them.

79. Paragraph 79 purports to quote from unidentified sources or documents, and it makes no

factual allegations against Columbia, such that no response is required. However, to the extent that any allegations in paragraph 79 require a response, Columbia lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, denies them.

80. Paragraph 80 makes no factual allegations against Columbia, such that no response is required. However, to the extent that any allegations in paragraph 80 require a response, Columbia lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, denies them.

81. Paragraph 81 contains characterizations and argument, and it makes no factual allegations against Columbia, such that no response is required. However, to the extent that any allegations in paragraph 81 require a response, Columbia lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, denies them.

82. Paragraph 82 makes no factual allegations against Columbia, such that no response is required. However, to the extent that any allegations in paragraph 82 require a response, Columbia lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, denies them.

83. Paragraph 83 makes no factual allegations against Columbia, such that no response is required. However, to the extent that any allegations in paragraph 83 require a response, Columbia lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, denies them.

**b. Later Investors Received Lower Returns Than Those Received by Earlier Investors**

84. Paragraph 84 contains characterizations and argument, and it makes no factual allegations against Columbia, such that no response is required. However, to the extent that any allegations in paragraph 84 require a response, Columbia lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, denies them.

85. Paragraph 85 makes no factual allegations against Columbia, such that no response is required. However, to the extent that any allegations in paragraph 85 require a response, Columbia lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, denies them.

86. Paragraph 86 contains conclusions of law and argument, and it makes no factual allegations against Columbia, such that no response is required. However, to the extent that any allegations in paragraph 86 require a response, Columbia lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, denies them.

**viii. <u>As the Ponzi Scheme Collapses, the iCap Entities Seek Bankruptcy Protection</u>**

87. Answering paragraph 87, Columbia admits that the iCap Entities filed for bankruptcy in the Bankruptcy Court for the Eastern District of Washington, and that the Bankruptcy Court entered an order approving a bankruptcy plan. As to the remaining allegations, paragraph 87 makes no factual allegations against Columbia, such that no response is required. However, to the extent that any of the allegations in paragraph 87 require a response, Columbia lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, denies them.

88. Answering paragraph 88, Columbia admits only that the Bankruptcy Court's Confirmation Order included a finding that iCap operated as a Ponzi scheme beginning in October 2018, which finding was expressly not preclusive or binding on Columbia in any court. Columbia specifically denies any allegation or implication that this "finding" was binding on Columbia, is appropriately alleged in this Complaint, or bears on this proceeding in any way. As to the remaining allegations, Columbia lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, denies them.

89. Answering paragraph 89, Columbia admits only that the Bankruptcy Court's Confirmation Order included a finding that iCap operated as a Ponzi scheme beginning in October 2018, which finding was expressly not preclusive or binding on Columbia in any court. Columbia specifically denies any allegation or implication that this "finding" was binding on Columbia, is appropriately alleged in this Complaint, or bears on this proceeding in any way. As to the remaining allegations, Columbia lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, denies them.

**D. <u>Another Aspect of the Ponzi Scheme – Chris Christensen Converted Investor Funds</u>**

90. Paragraph 90 contains argument and makes no factual allegations against Columbia, such that no response is required. However, to the extent that any allegations in paragraph 90 require a

response, Columbia lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, denies them.

91. Paragraph 91 contains characterizations and argument and makes no factual allegations against Columbia, such that no response is required. However, to the extent that any allegations in paragraph 91 require a response, Columbia lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, denies them.

92. Paragraph 92 contains argument and makes no factual allegations against Columbia, such that no response is required. However, to the extent that any allegations in paragraph 92 require a response, Columbia lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, denies them.

93. Paragraph 93 contains argument and makes no factual allegations against Columbia, such that no response is required. However, to the extent that any allegations in paragraph 93 require a response, Columbia lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, denies them.

94. Answering paragraph 94, Columbia denies that it supported the Christensens' alleged Ponzi scheme. As to the remaining allegations, paragraph 94 purports to quote unidentified documents and contains argument, such that no response is required. However, to the extent that any of the remaining allegations in paragraph 94 require a response, Columbia lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, denies them.

### E. Umpqua's Role in the Scheme

#### i. The iCap Entities Were a Major Client of Umpqua's Issaquah Branch

95. Answering paragraph 95, Columbia admits that iCap was a customer of Columbia and that both Tim Hoefel and Brian Read were Columbia employees. As to the remaining allegations, paragraph 95 purports to quote an email that speaks for itself, such that no response is required. In addition, paragraph 95 contains characterizations and argument such that no response is required. However, to the extent that any of the remaining allegations in paragraph 95 require a response, Columbia lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, denies them.

96. Answering paragraph 96, Columbia admits that Svetla Tzekov was a Columbia employee. As to the remaining allegations, paragraph 96 contains characterizations and argument such that no response is required. However, to the extent that any of the remaining allegations in paragraph 96 require a response, Columbia lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, denies them.

97. Answering paragraph 97, Columbia admits that Rebecca Cherney was a Columbia employee and that iCap filed for bankruptcy in September 2023. As to the remaining allegations, paragraph 97 purports to quote an email that speaks for itself, such that no response is required. In addition, paragraph 97 contains characterizations and argument such that no response is required. However, to the extent that any of the remaining allegations in paragraph 97 require a response, Columbia lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, denies them.

98. Paragraph 98 contains characterizations and argument such that no response is required. However, to the extent that any allegations in paragraph 98 require a response, Columbia lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, denies them.

99. Paragraph 99 contains characterizations and argument such that no response is required. However, to the extent that any allegations in paragraph 99 require a response, Columbia lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, denies them.

100. Paragraph 100 contains characterizations and argument such that no response is required. However, to the extent that any allegations in paragraph 100 require a response, Columbia lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, denies them.

101. Answering paragraph 101, Columbia admits that Gina Simpson is a Columbia employee. As to the remaining allegations, paragraph 101 purports to characterize emails that speak for themselves, such that no response is required. In addition, paragraph 101 contains characterizations and argument such that no response is required. However, to the extent that any of the remaining

allegations in paragraph 101 require a response, Columbia lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, denies them.

102. Answering paragraph 102, Columbia admits that Patricia Murphy is a Columbia employee and that Lorin Wingate was a Columbia employee. As to the remaining allegations, paragraph 102 purports to characterize emails that speak for themselves, such that no response is required. In addition, paragraph 102 contains characterizations such that no response is required. However, to the extent that any of the remaining allegations in paragraph 102 require a response, Columbia lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, denies them.

103. Paragraph 103 purports to quote an email that speaks for itself, such that no response is required. In addition, paragraph 103 contains characterizations such that no response is required. However, to the extent that any of the remaining allegations in paragraph 103 require a response, Columbia lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, denies them.

104. Paragraph 104 contains characterizations and argument such that no response is required. However, to the extent that any allegations in paragraph 104 require a response, Columbia lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, denies them.

**ii. <u>Umpqua Paid Close Attention to iCap, Was Familiar With the Nature of its Business and Accounts, and Appropriately Categorized iCap as "High Risk"</u>**

**a. <u>Umpqua's Obligations to Monitor for Fraud</u>**

105. Answering paragraph 105, Columbia admits that federal statutes including Title III of the USA PATRIOT Act of 2001 and other legislation, which legislative framework is commonly referred to as the "Bank Secrecy Act" (BSA), impose obligations on banking institutions. As to the remaining allegations, paragraph 105 contains conclusions of law, purports to quote from unidentified sources or documents, and makes no factual allegations against Columbia, such that no response is required. However, to the extent that any allegations in paragraph 105 require a response, Columbia lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that

basis, denies them.

106. Answering paragraph 106, Columbia admits the existence of the Federal Financial Institutions Examination Council. As to the remaining allegations, paragraph 106 contains conclusions of law and makes no factual allegations against Columbia, such that no response is required. However, to the extent that any allegations in paragraph 106 require a response, Columbia lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, denies them.

107. Answering paragraph 107, Columbia admits that federal bank regulators periodically publish manuals for use by federal bank examiners. As to the remaining allegations, paragraph 107 contains conclusions of law and makes no factual allegations against Columbia, such that no response is required. However, to the extent that any allegations in paragraph 107 require a response, Columbia lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, denies them.

108. Answering paragraph 108, Columbia admits that the BSA and 12 C.F.R. § 326.8 impose obligations on FDIC-supervised banking institutions. Columbia further admits to the existence of the Financial Crimes Enforcement Network (FinCEN) and that it, too, regulates banking institutions. As to the remaining allegations, paragraph 108 contains characterizations, conclusions of law, and argument such that no response is required. However, to the extent that any remaining allegations in paragraph 108 require a response, Columbia denies the allegations.

109. Answering paragraph 109, Columbia admits that it is subject to federal banking regulations and that it utilizes systems to assist with transaction monitoring. As to the remaining allegations, paragraph 109 contains characterizations, conclusions of law, and argument such that no response is required. However, to the extent that any of the remaining allegations in paragraph 109 require a response, Columbia denies the allegations.

110. Answering paragraph 110, Columbia admits that it has policies and procedures for verifying the identity of its depositors. As to the remaining allegations, paragraph 110 contains characterizations, conclusions of law, and argument such that no response is required. However, to the extent that any of the remaining allegations in paragraph 110 require a response, Columbia denies the

allegations.

111. Answering paragraph 111, Columbia admits that it has policies and procedures for customer onboarding, customer due diligence and enhanced due diligence, and transaction monitoring. As to the remaining allegations, paragraph 111 contains characterizations, conclusions of law, and argument such that no response is required. However, to the extent that any of the remaining allegations in paragraph 111 require a response, Columbia denies the allegations.

**b. Umpqua Categorized iCap as "High Risk"**

112. Paragraph 112 contains characterizations and argument such that no response is required. However, to the extent that any allegations in paragraph 112 require a response, Columbia lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, denies them.

113. Paragraph 113 purports to quote unidentified documents and sources that speak for themselves, and it contains characterizations and argument, such that no response is required. However, to the extent that any allegations in paragraph 113 require a response, Columbia lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, denies them.

114. Paragraph 114 contains characterizations and argument such that no response is required. However, to the extent that any allegations in paragraph 114 require a response, Columbia lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, denies them.

**c. Umpqua Knew the iCap Entities' Fund Accounts Contained Investor Deposits**

115. Paragraph 115 purports to quote an email that speaks for itself, such that no response is required. In addition, paragraph 115 contains characterizations and argument such that no response is required. However, to the extent that any of the allegations in paragraph 115 require a response, Columbia lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, denies them.

116. Paragraph 116 contains characterizations and argument such that no response is required. However, to the extent that any of the allegations in paragraph 116 require a response,

Columbia lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, denies them.

117. Paragraph 117 purports to quote a document from Chris Christensen that speaks for itself, and it contains argument, such that no response is required. However, to the extent that any of the allegations in paragraph 117 require a response, Columbia lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, denies them.

118. Answering paragraph 118, Columbia lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, denies them.

119. Paragraph 119 contains conclusions of law and argument such that no response is required. However, to the extent that any of the allegations in paragraph 119 require a response, Columbia lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, denies them.

120. Answering paragraph 120, Columbia admits that Alex Bryant was a Columbia employee. As to the remaining allegations, paragraph 120 purports to quote an email that speaks for itself and it contains argument, such that no response is required. However, to the extent that any of the allegations in paragraph 120 require a response, Columbia lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, denies them.

**iii. <u>Umpqua's Knowledge of the Ponzi Scheme</u>**

121. Answering Paragraph 121, Columbia denies that it had any knowledge of iCap's alleged Ponzi scheme. As to the remaining allegations, paragraph 121 contains characterizations, conclusions of law, and argument, such that no response is required. However, to the extent that any of the remaining allegations in paragraph 121 require a response, Columbia lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, denies them.

**a. <u>Umpqua Knew iCap's Business Model Was Not Viable and Was Not Being Followed</u>**

122. Paragraph 122 contains characterizations, conclusions of law, and argument, and it contains no factual allegations against Columbia, such that no response is required. However, to the extent that any of the allegations in paragraph 122 require a response, Columbia lacks sufficient

knowledge or information to form a belief as to the truth of the allegations and on that basis, denies them.

123. Paragraph 123 purports to quote a regulatory manual which speaks for itself, it contains characterizations and argument, and it contains no factual allegations against Columbia, such that no response is required. However, to the extent that any of the allegations in paragraph 123 require a response, Columbia lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, denies them.

124. Paragraph 124 contains characterizations, conclusions of law, and argument, and it contains no factual allegations against Columbia, such that no response is required. However, to the extent that any of the allegations in paragraph 124 require a response, Columbia lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, denies them.

125. Answering Paragraph 125, Columbia admits that Jodee Berg was a Columbia employee. As to the remaining allegations, paragraph 125 purports to quote emails which speak for themselves, and it contains characterizations and argument, such that no response is required. However, to the extent that any of the allegations in paragraph 125 require a response, Columbia lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, denies them.

126. Paragraph 126 contains characterizations and argument such that no response is required. However, to the extent that any of the allegations in paragraph 126 require a response, Columbia lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, denies them.

127. Paragraph 127 contains characterizations, conclusions of law, and argument such that no response is required. However, to the extent that any of the allegations in paragraph 127 require a response, Columbia lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, denies them.

128. Answering Paragraph 128, Columbia denies that it had any knowledge of iCap's alleged Ponzi scheme. As to the remaining allegations, paragraph 128 contains characterizations, conclusions

of law, and argument such that no response is required. However, to the extent that any of the remaining allegations in paragraph 128 require a response, Columbia lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, denies them.

**b. Umpqua Concluded iCap's Banking Activities Were "Out of Pattern"**

129. Answering Paragraph 129, Columbia denies that it had any knowledge of iCap's alleged Ponzi scheme. As to the remaining allegations, paragraph 129 purports to quote an internal document from Columbia that speaks for itself, and it contains characterizations, conclusions of law, and argument, such that no response is required. However, to the extent that any of the remaining allegations in paragraph 129 require a response, Columbia lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, denies them.

**c. Umpqua Knew iCap's Tax Losses Were Incompatible With Chris Christensen's Withdrawals**

130. Paragraph 130 purports to quote an email that speaks for itself and it contains argument, such that no response is required. However, to the extent that any of the allegations in paragraph 130 require a response, Columbia lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, denies them.

131. Answering Paragraph 131, Columbia denies that it had any knowledge of iCap's alleged Ponzi scheme. As to the remaining allegations, paragraph 131 purports to quote an email that speaks for itself, and it contains characterizations, conclusions of law, and argument, such that no response is required. However, to the extent that any of the remaining allegations in paragraph 131 require a response, Columbia lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, denies them.

**d. Umpqua Knew iCap Was Shuffling and Commingling Investor Monies**

132. Paragraph 132 contains characterizations, conclusions of law, and argument, such that no response is required. However, to the extent that any of the allegations in paragraph 132 require a response, Columbia lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, denies them.

133. Paragraph 133 contains characterizations and argument, such that no response is required. However, to the extent that any of the allegations in paragraph 133 require a response,

Columbia lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, denies them.

134. Paragraph 134 purports to quote emails that speak for themselves, such that no response is required. In addition, paragraph 134 contains characterizations and argument, such that no response is required. However, to the extent that any of the allegations in paragraph 134 require a response, Columbia lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, denies them.

**e. Umpqua Knew iCap Entities Were Transferring Investor Monies into Chris Christensen's Personal Accounts**

135. Paragraph 135 purports to quote an email that speaks for itself, such that no response is required. In addition, paragraph 135 contains characterizations and argument, such that no response is required. However, to the extent that any of the allegations in paragraph 135 require a response, Columbia lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, denies them.

136. Paragraph 136 contains conclusions of law and argument such that no response is required. However, to the extent that any of the allegations in paragraph 136 require a response, Columbia lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, denies them.

137. Paragraph 137 contains characterizations, conclusions of law, and argument such that no response is required. However, to the extent that any of the allegations in paragraph 137 require a response, Columbia lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, denies them.

**iv. Umpqua's Substantial Assistance to the Ponzi Scheme**

138. Paragraph 138 contains conclusions of law and argument such that no response is required. However, to the extent that any of the allegations in paragraph 138 require a response, Columbia denies the allegations.

**a. Umpqua Did Not End iCap's Banking Services**

139. Paragraph 139 contains conclusions of law and argument such that no response is required. However, to the extent that any of the allegations in paragraph 139 require a response,

Columbia lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, denies them.

140. Paragraph 140 contains characterizations, conclusions of law, and argument such that no response is required. However, to the extent that any of the allegations in paragraph 140 require a response, Columbia lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, denies them.

141. Answering Paragraph 141, Columbia denies that it had any knowledge about iCap's alleged fraud. As to the remaining allegations, paragraph 141 contains characterizations, conclusions of law, and argument such that no response is required. However, to the extent that any of the remaining allegations in paragraph 141 require a response, Columbia lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, denies them.

**b. Umpqua Facilitated Fraudulent Money Transfers**

142. Paragraph 142 contains characterizations and argument such that no response is required. However, to the extent that any of the allegations in paragraph 142 require a response, Columbia lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, denies them.

143. Paragraph 143 purports to quote emails that speak for themselves, such that no response is required. As to the remaining allegations, Columbia lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, denies them.

144. Paragraph 144 purports to quote emails that speak for themselves, such that no response is required. As to the remaining allegations, Columbia lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, denies them.

145. Paragraph 145 purports to quote from an unidentified source or document that speaks for itself, and it contains characterizations and argument, such that no response is required. However, to the extent that any of the allegations in paragraph 145 require a response, Columbia lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, denies them.

146. Paragraph 146 purports to quote a communication that speaks for itself, such that no

response is required. As to the remaining allegations, Columbia lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, denies them.

147. Paragraph 147 purports to quote a communication that speaks for itself, such that no response is required. As to the remaining allegations, Columbia lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, denies them.

148. Paragraph 148 purports to quote a communication that speaks for itself, such that no response is required. As to the remaining allegations, Columbia lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, denies them.

**c. Umpqua Failed to Further Investigate Red Flags**

149. Answering paragraph 149, Columbia denies that it had any knowledge of iCap's or the Christensen's alleged fraud. As to the remaining allegations, paragraph 149 contains characterizations, conclusions of law, and argument such that no response is required. However, to the extent that any of the remaining allegations in paragraph 149 require a response, Columbia lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, denies them.

150. Paragraph 150 purports to quote from an unidentified source or document that speaks for itself, and it contains characterizations and argument, such that no response is required. However, to the extent that any of the allegations in paragraph 150 require a response, Columbia lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, denies them.

151. Paragraph 151 purports to quote a document from Columbia that speaks for itself, such that no response is required. In addition, paragraph 151 contains characterizations, conclusions of law, and argument such that no response is required. However, to the extent that any of the allegations in paragraph 151 require a response, Columbia lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, denies them.

152. Paragraph 152 purports to quote a document from Columbia that speaks for itself, such that no response is required. In addition, paragraph 152 contains characterizations and argument such that no response is required. However, to the extent that any of the allegations in paragraph 152 require a response, Columbia lacks sufficient knowledge or information to form a belief as to the truth of the

allegations and on that basis, denies them.

153. Paragraph 153 contains conclusions of law and argument such that no response is required. However, to the extent that any of the allegations in paragraph 153 require a response, Columbia denies the allegations.

154. Paragraph 154 purports to quote a regulatory document that speaks for itself, and it does not contain any factual allegations against Columbia, such that no response is required. However, to the extent that any allegations in paragraph 154 require a response, Columbia lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, denies them.

155. Paragraph 155 contains no factual allegations against Columbia, such that no response is required.

156. Answering paragraph 156, Columbia denies that it knew about or assisted iCap's alleged Ponzi scheme. As to the remaining allegations, paragraph 156 purports to quote a form from Columbia that speaks for itself, and it contains characterizations, conclusions of law, and argument such that no response is required. However, to the extent that any of the allegations in paragraph 156 require a response, Columbia lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, denies them.

157. Paragraph 157 contains characterizations, conclusions of law, and argument such that no response is required. However, to the extent that any of the allegations in paragraph 157 require a response, Columbia lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, denies them. Columbia further denies that Plaintiffs suffered any damages or injury as a result of the actions or inactions of Columbia and also denies that Plaintiffs are entitled to any relief from Columbia.

158. Paragraph 158 contains characterizations, conclusions of law, and argument such that no response is required. However, to the extent that any of the allegations in paragraph 158 require a response, Columbia lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, denies them. Columbia further denies that Plaintiffs suffered any damages or injury as a result of the actions or inactions of Columbia and also denies that Plaintiffs are

entitled to any relief from Columbia.

159. Paragraph 159 contains characterizations, conclusions of law, and argument such that no response is required. However, to the extent that any of the allegations in paragraph 159 require a response, Columbia lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, denies them. Columbia further denies that Plaintiffs suffered any damages or injury as a result of the actions or inactions of Columbia and also denies that Plaintiffs are entitled to any relief from Columbia.

**CAUSE OF ACTION**

**(Aiding and Abetting Fraud)**

160. Answering paragraph 160, Columbia incorporates its responses to paragraphs 1 through 159 as if fully set forth herein.

161. Answering paragraph 161, Columbia denies the allegations.

162. Answering paragraph 162, Columbia denies the allegation that it knew about the Christensen's alleged Ponzi scheme.

163. Answering paragraph 163, Columbia denies the allegations.

164. Answering paragraph 164, Columbia denies the allegations. Columbia further denies that Plaintiffs suffered any damages or injury as a result of the actions or inactions of Columbia and also denies that Plaintiffs are entitled to any relief from Columbia.

165. Answering paragraph 165, Columbia denies the allegations. Columbia further denies that Plaintiffs suffered any damages or injury as a result of the actions or inactions of Columbia and also denies that Plaintiffs are entitled to any relief from Columbia.

**PRAYER FOR RELIEF**

Plaintiffs' Complaint contains an unnumbered paragraph with subparts (A) through (F) containing Plaintiffs' prayer for relief, to which no response is required. To the extent a response is required, Columbia denies that Plaintiffs are entitled to any relief in this action.

**AFFIRMATIVE DEFENSES**

Columbia hereby alleges the following separate and distinct defenses and affirmative defenses to the Complaint and the causes of action asserted against Columbia therein, and without assuming the

burden of proof on matters as to which they have no such burden:

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

1. The Complaint fails to state a claim against Columbia upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

2. Plaintiffs' claims are barred in whole or in part by the applicable statutes of limitations.

**THIRD AFFIRMATIVE DEFENSE**

**(Failure to Mitigate Damages)**

3. Plaintiffs failed to take proper and reasonable steps to avoid, minimize, or mitigate Plaintiffs' alleged damages and, to the extent of such failure, the damages allegedly incurred by Plaintiffs, if any, should be reduced accordingly or eliminated entirely.

**FOURTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

4. Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

**FIFTH AFFIRMATIVE DEFENSE**

**(Laches)**

5. Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

**SIXTH AFFIRMATIVE DEFENSE**

**(Estoppel)**

6. Plaintiffs are estopped by the action of law or by conduct from maintaining the Complaint filed in this case.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Co-Liability)**

7. Columbia alleges that any injury or damages which may have been sustained by Plaintiffs were proximately caused by the acts, errors, or omissions of persons or entities other than Columbia.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Fault of Others)**

8. If Plaintiffs suffered or sustained any loss, injury, damage, or detriment, the same was directly and proximately caused and contributed to by the breach, conduct, acts, omissions, activities, carelessness, recklessness, negligence, and intentional misconduct or intervening acts of other third parties, and not by Columbia.

**NINTH AFFIRMATIVE DEFENSE**

**(Speculative Damages)**

9. Columbia alleges any damage or loss Plaintiffs did incur as a result of any act or conduct by Columbia would be speculative at best and thus too uncertain for recovery.

**TENTH AFFIRMATIVE DEFENSE**

**(Compliance with Law)**

10. Columbia met or exceeded the requirements of applicable laws, regulations, and standards.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Good Faith Conduct/Conformance with Applicable Standards)**

11. Columbia at all times acted in good faith and in conformance with all applicable government and industry standards, rules and regulations, thus precluding any recovery by Plaintiffs against Columbia.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Lack of Causation)**

12. The damages complained of were the result of the intervening actions of others and were not proximately caused by the actions or omissions of Columbia.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Lack of Malice)**

13. Columbia specifically denies acting with any willfulness, oppression, fraud, or malice toward Plaintiffs or others.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Lack of Standing/ Real Party in Interest)**

14. Plaintiffs' claims are barred because Plaintiffs lack standing to bring them.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Consent)**

15. Plaintiffs' claims are barred because Plaintiffs consented to any alleged conduct in the Complaint.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Justification/Privilege)**

16. Columbia was justified and privileged in taking the actions alleged in the Complaint.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Assumption of Risk)**

17. Plaintiffs, themselves and/or through their agent(s), acted with full knowledge and understanding of the relevant facts and circumstances surrounding the transactions and relations at issue in their litigation and assumed any and all risks associated therewith. Plaintiffs are therefore barred from obtaining the relief sought in the Complaint.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Ratification)**

18. The Complaint, and each purported cause of action alleged therein, is barred by the conduct, actions, and inactions of Plaintiffs, and/or the persons on whose behalf they purport to bring this action, under the doctrine of ratification.

**NINETEENTH AFFIRMATIVE DEFENSE**

**(Recovery)**

19. Plaintiffs' claims are barred, in whole or in part, because they have received returns or recoveries on their losses and therefore have not suffered damages or their damages have been reduced.

**TWENTIETH AFFIRMATIVE DEFENSE**

**(Res Judicata)**

20. Plaintiffs' claims are barred, in whole or in part, by res judicata.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(Pending Action)**

21. Plaintiffs' claims are barred, or their damages mitigated, to the extent they are extinguished or reduced as result of any pending actions involving Chris Christensen or the iCap Entities. See, e.g., *In re: iCap Enterprises, Inc.*, No. 23-01243 (Bankr. E.D. Wash.); *Miller v. Perkins Coie LLP,* Adv. Case No. 25-80084-WLH (E.D. Wash.).

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

**(Waiver)**

22. Plaintiffs' claims against Columbia, if any, are barred by the doctrine of waiver.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

**(Contributory Negligence and/or Comparative Fault)**

23. Plaintiffs are barred from recovering against Columbia because of the contributory negligence and/or comparative fault of Plaintiffs and others. The damages suffered by Plaintiffs were legally caused by and are the result of the actions of Plaintiffs and others. Accordingly, any recovery by Plaintiffs is barred or must be comparatively reduced by the percentage of fault of others, including Plaintiffs.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

**(Offset/Setoff)**

24. In the event that monies are recovered by Plaintiffs from any other person or entity, Columbia is entitled to offset, setoff, and/or any settlement credits permitted by law.

**OTHER AFFIRMATIVE DEFENSES**

25. Columbia has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, defenses available. Columbia expressly reserves the right to assert additional defenses in the event that discovery indicates that such defenses are appropriate.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant Columbia prays for judgment as follows:

1. That judgment be entered in favor of Columbia;

2. That Plaintiffs take nothing by way of their Complaint and the claims asserted herein;
3. That the Complaint, and the claims against Columbia, be dismissed with prejudice;
4. That Columbia be awarded costs of suit, including attorneys' fees incurred in defense of this action; and
5. That Columbia be granted such other relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Defendant hereby invokes its rights pursuant to the Seventh Amendment of the United States Constitution and the Washington State Constitution and demand a jury trial for all claims so triable.

Dated: September 23, 2026

Respectfully Submitted,

FOSTER GARVEY PC

By: *s/ Jason M. Ayres*
Jason M. Ayres, WSBA #39141
Jason.Ayres@foster.com
Tara J. Schleicher, WSBA #26884
Tara.Schleicher@foster.com

1111 Third Avenue, Suite 3000
Seattle, WA 98101
Telephone: (503) 228-3939

STOLL STOLL BERNE LOKTING & SHLACHTER, P.C.

By: *s/ Anuj Shah*
Keith Ketterling (*pro hac vice*)
kketterling@stollberne.com
Lydia Anderson-Dana (*pro hac vice*)
landersondana@stollberne.com
Madeleine Holmes (*pro hac vice*)
mholmes@stollberne.com
Erin E. Roycroft (*pro hac vice*)
eroycroft@stollberne.com
Anuj Shah (*pro hac vice*)
ashah@stollberne.com

209 SW Oak Street, Suite 500
Portland, OR 97204
Telephone: (503) 227-1600
Facsimile: (503) 227-6840

Attorneys for Defendant Columbia Bank f/k/a Umpqua Bank